IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Richard Wigginton,

    Plaintiff,

V.

    Case No. 22-50292

City of Belvidere, County of Boone,
State of Illinois, Attorney General
Kwame Raoul ...et al

    Defendants,

RECEIVED

AUG 24 2022

THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

## COMPLAINT FOR INJUNCTIVE RELIEF AND FINDING UNDER ILL. SUP. CT. R. 19 OF FEDERAL PREEMPTION & UNCONSTITUTIONALITY OF ILCS.

¶1. Now comes Plaintiff, Pro se in the above and captioned case and with this notice as directed to and pursuant under Ill. Sup. Ct. R. 19 Federal Preemption of Federal statues under the United States Constitution over Federal USPS land and property, as federal law overcomes state law within the exclusive territorial field and subject matter as to the United States Constitution, United State Codes (U.S.C.) and Federal regulations C.F.R. (Codified Federal Regulations).

## PARTIES

¶2. Plaintiff Richard Wigginton comes in pro se capacity in filing of the Federal Complaint, is a Boone County resident in the State of Illinois and a United States Citizen.

¶3. Defendant City of Belvidere is a municipal body, local governing entity is known as the seat of its respective county. Powers of self government or jurisdiction as granted by national and regional laws to which it is subordinate.

¶4. Defendant Boone County is a body politic and corporate, existing under the

1

constitution and "State of Illinois. As a political and administrative subdivision of the State of Illinois, that consist of a geographic region with specific boundaries and a level of government authority with power arising from States laws and providing local government services.

¶5. Defendant Kwame Raoul is the duly elected Attorney General of the State of Illinois, the principal legal officer who represents a county or a state legal proceeding.

¶6. Defendant Tricia Smith under 55 ILCS 5/3 is a duly elected State Attorney and prosecuting attorney for the County of Boone in the State of Illinois.

¶7. Defendant Robin Babcox-Poole under 55 ILCS 5/3 is an assistant State Attorney under the direction of elected State Attorney Tricia Smith as prosecuting attorney for the County of Boone in the State of Illinois.

¶8. Defendant Karla Maville under 55 ILCS 5/3 is an assistant State Attorney under the direction of elected State Attorney Tricia Smith as a "Civil" attorney for the County of Boone in the State of Illinois.

¶9. Defendant Ryan Swift was assigned as full-time County Associate Judge for Boone County as part of the 17th judicial circuit courts of Illinois.

## JURISDICTION AND VENUE

¶10. This Court has original jurisdiction under Federal statues, and the Constitution, under 28 U.S.C. § 1331, 28 U.S.C. § 2403 and Ill. Sup. Ct. R 19 "federal Question, in that the Complaint asserts claims arising under the constitution and laws of the United States.

¶11. This Court has jurisdiction under the Constitution, Federal Statues, regulations, and under the applicability of 39 U.S.C., Treasury Act, Postal Services, Government

Appropriations Act for 1978, Pub. L. No. 95-81, 91 Stat. 341, Sec § 610 of the Act, the property clause Art. IV. §3 cl. 2, the postal clause Art. I, § 8, cl. 7, Necessary and Proper Clause "Federal jurisdiction is exclusive jurisdiction".

¶12. This Court has subject matter jurisdiction over this action pursuant to 39 C.F.R. § 232.1 "conduct on postal property" (p) (1) alleged violation of these rules and regulation are heard, and the penalties prescribed herein are imposed, either in a federal district court or by a federal magistrate in accordance with applicable court rules.

¶13. This Court has jurisdiction under 18 U.S.C. § 7(3) any lands acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.. i.e. "Post Offices".

¶14. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims based on violation of the Illinois and United states Constitution, because those claims are so related to claims in the action within (this court's) original jurisdiction that (they) form part of the same case or controversy.

¶15. Venue is proper in this court pursuant to 28 U.S.C. §1391, because the parties are located within this district and because a substantial part of the events giving rise to the claims alleged in this complaint occurred in this district.

## FACTS

¶16. On or about May 18th, 2021, Plaintiff along with wife and minor daughter arrived at the publicly accessible United States Post Office(USPS) facility located at 1800

Doc Wolf Road Belvidere, Illinois 61008 which is opened and accessible 24/7 hours/days. Plaintiff arrived during open business hours to commerce and conduct business. The Plaintiff has a Post Office Box contract there with said business.

¶17. Plaintiff entered twice into the establishment, when a situation so required to request to redress grievances, including Federal employee conduct and violation of Constitutional rights. When Plaintiff entered the facility a second time, Plaintiff engaged in Constitutionally protected activities of freedom of speech, freedom of press, and freedom of expression, as defined under the United States Constitution, and State of Illinois Constitution, the Department of Homeland Security guidance DHS 2018 memo, 39 U.S.C. and 39 C.F.R. 232.1 respectfully and all applicably statues, rules, regulations and otherwise. To document a newsworthy story regarding USPS federal government employees, and to verify the post office rules, regulation and policies.

¶18. Plaintiff was knowingly and openly recording with a cell phone to document USPS employees conduct and services and to teach, and educate- his home schooled daughter on constitutional matters and public employees to wit, postal regulations, regarding photographing in public areas, and the publics right to document the said performance and activities of the USPS employees. Including conduct and services as Federal public employees and civil workers, according to CFR and USC Federal Code, and under the U.S. Constitution and to disseminate the information to the general public.

¶19. In doing so as to disseminate and make available to the people for viewing as to observe the actions of government and public employees in official capacities demonstrating activities for accountability and transparency.

¶20. Plaintiff at one point was with his minor daughter when notified by an

unidentified (now known as Kaila Osborne) individual that the police had been called, because he was not allowed to record in the establishment, to which Plaintiff peacefully contested. Upon the police being called Plaintiff decided to remain until police arrived to sort out the facts, and continue his business.

¶21. The call to local police dispatch for assistance, as evidenced reasonably demonstrates officer Brox (# 404) who was the arresting officer and first to arrive on the scene was racially motivated and proceeded to profile and target Plaintiff based on the very fact of Plaintiff's ethnic appearance that of Hispanic that to which escalated officer Brox to enter the post office lobby very heated, without probable cause or legal authority, and without any identifying or investigative process through the foyer in and aggressive, provoking, intimidating and insulting manner, and thus as a whole only gives substance of Brox being racially motivated and thereby violating the Plaintiffs constitutional right protected under 1st, 4th, 6th, 9th, and 14th, Amendments.

¶22. Brox "ordered" Plaintiff to get out of the "business" multiple times in a matter of only seconds. Brox did not identify herself or any individual initially at the scene, and failed to conduct an investigation on any level. However, Brox proceeded to immediately trespass Plaintiff of her own authority under color of law. Brox then moved to conspire and procure a solicitation of trespass from the unidentified masked woman (now known as Kaila Osborne) repeatedly, in order to remove Plaintiff from the "business" without probable cause or legal justification, and to impede upon his constitutional right to record in public moreover on USPS federal property.

¶23. Brox did not address or identify the Plaintiff's daughter who was with him in the establishment. Plaintiff submitted to the unlawful request and proceeded outside of the

"business" as instructed, followed by his daughter in tail, at which junction Plaintiff requested Brox's name and badge number. Brox continued to escalate the situation in that she continued harassing Plaintiff outside, yelling unauthorized, and confusing orders at Plaintiff Notwithstanding Plaintiff's contention at one point grabbing and assaulting Plaintiff's arm without legal authority or justification other than to unlawfully attempt to remove him from public easement.

¶24. Plaintiff's daughter alerted him that Brox was touching him to wit Plaintiff demanded that Brox refrain from touching him and proceeded to document the officers activities while attempting to secure their names and badge numbers at which junction Brox exhibited retaliation and displayed retribution by threatening to take Plaintiff to jail and while Plaintiff attempted to leave Brox, another officer and a detective used unnecessary, and excessive force to tackle him to the ground, and unlawfully seized his person in violation of Plaintiff's Constitutional rights, and arrested Plaintiff without "territorial" and "subject matter" jurisdiction, probable cause, or a warrant.

¶25. The entire time the arresting officer Brox was on scene was under one (1) minute. Furthermore it was four (4) seconds, that's the time Belvidere police officer's Brox, Reese and Detective Berillo thought reasonable for Plaintiff to leave the property after giving a final warning before tackling him to the ground.

¶26. As protected under the First Amendment to the Constitution.Plaintiff's minor daughter retrieved the phone and continued to witness and in the same manner record the incident leading up to the Plaintiff's unlawful arrest.

¶27. Officer Brox signed a sworn complaint against Plaintiff alleging criminal trespass on Federal property, disorderly conduct of recording in a public place and on Federal land

and resisting arrest under ILCS.

¶28.   The Boone County State attorney's office subsequently filed an information of charges, in so doing dismissing the original three charges and replacing with three counts of disorderly, two counts of trespassing and three counts of resisting totaling eight counts, all under ILCS. Notwithstanding that the incident was at the USPS located at 1800 Doc Wolf Drive Belvidere Illinois 61008, said property was acquired through a purchase with title. Said property is completely under the Federal, exclusive and legislated jurisdiction of the United States moreover said property is classified as a needful building being constructed soley for public use and necessity.

¶29.   Plaintiff filed a Motion to dismiss with subsequent filings relating to "territorial" jurisdiction. The municipal Boone County Court "Judge" and State Attorney's, have been in conflict regarding the jurisdictional matters. In that the Court is not in agreement with the State or the Plaintiff's position on the jurisdictional status of the USPS property. Additionally the Plaintiff has argued and raised questions of jurisdiction which the trial court conflicts with and has repaetedly overlooked, and refuses to notice, that being said, it is more than obvious and necessary due to the very nature of the conflict of "Federal Preemption and jurisdiction" that the Plaintiff files this complaint to which the matters give rise and result from.

## COUNT AND COMPONANT #1 "Constitutional Challenges"

¶30.   Plaintiff repeats and re-alleges paragraphs ¶1through 29 as if fully set fourth in this paragraph.

¶31.   Plaintiff's nature of the constitutional challenges apply to the following Illinois Complied Statute "ILCS" and are in direct conflict to the Plaintiff's rights under the United

7

States Constitution Amendments. Including but not limited to the 1st Amendment, that prevents the government (in this instance the ILCS identified) from making laws that regulate or prohibit the free exercise, or abridge ones freedom of speech, the freedom of press, the freedom of assembly, freedom of expression, and the right to petition the government for redress of grievances, as incorporated under the Bill of Rights.

    A.    720 ILCS 5/21-3) (from Ch. 38, par. 21-3) Sec. 21-3. Criminal trespass to real property.(a) A person commits criminal trespass to real property when he or she: (1) knowingly and without lawful authority enters or remains within or on a building;

    B.    (720 ILCS 5/21-3) (from Ch. 38, par. 21-3) Sec. 21-3. Criminal trespass to real property. (a) A person commits criminal trespass to real property when he or she (3) remains upon the land of another, after receiving notice from the owner or occupant to depart;

    C.    (720 ILCS 5/26-1) (from Ch. 38, par. 26-1) Sec. 26-1. Disorderly conduct. (a) A person commits disorderly conduct when he or she knowingly: (1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace;

¶32. A-C herein identifies Under Ill. Sup. Ct. R. 19. Plaintiff filed a proper notice with the Illinois Attorney General, Boone County State Attorney and City of Belvidere, and with the clerk of the court Boone County for said case 2021-CM-81, identifying the particular statutes, or other law, and briefly describe the nature of the constitutional or preemption challenge.

**WHEREFORE,** Plaintiff request this Court to declare 720 ILCS 5/21-3 and 720 ILCS 5/26-1 unconstitutional as to specifically and related only to provisions under the United States Constitution and the Freedom attached to including but not limited to be free from retaliation due to race and ethnicity, the freedom of speech, and the freedom of expression, to peacefully assemble, freedom of the press for each person who gathers

content for a newsworthy story, and to petition the government for a redress of grievances without fears of retaliation, retribution, discrimination, or violation and deprivation of rights. The ILCS should not be vague, overbroad or subjective to interpretation, as under the Constitutional criminal laws, the State statue need explicitly and definitely specify what conduct is punishable, otherwise the law is invalid because it is not sufficiently clear and void of vagueness.

## COUNT AND COMPONANT #2 "Federal Preemption"

¶33. Plaintiff repeats and re-alleges paragraphs ¶1 through 29 as if fully set fourth in this paragraph

¶34. The Constitution's Supremacy Clause provides that federal law is "the supreme Law of the Land" notwithstanding any state law to the contrary. This language is the foundation for the doctrine of federal preemption, according to which federal law supersedes conflicting state laws.

¶35. The Constitution's Supremacy Clause provides that "the Laws of the United States . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, anything in the Constitution or Laws of any State to the Contrary notwithstanding." "U.S. CONST. art. VI, cl. 2" This language is the foundation for the doctrine of federal preemption, according to which federal law supersedes conflicting state laws.

¶36. Federal preemption connects many of the subjects that recur throughout the courts as such broad federal preemption often cite the benefits of uniform national regulations, this would include not only the United State Code "USC" but the Codified Federal Regulations "CFR" as interrupted the US as a whole Country is obligated under the authority of any and all such codes and regulations.

¶37. Multiplicity of government actors below the federal level virtually ensures that, in the absence of federal preemption, businesses with national operations that serve national markets will be subject to complicated, overlapping, and sometimes even conflicting legal regimes. The United States Postal Service is one of those specifically identified, exclusively, independent, executive branches of the federal government and legislated by Congress and the U.S.P.S. Board of governors

¶38. Federal preemption includes the concentration of expertise in/of federal agencies "In many cases, Congress's adoption of a preemptive scheme . . . ensures that the legal rules governing complex areas of the economy or products are formulated by expert regulators with a broad national perspective and needed scientific or technical expertise, rather than by decision makers—such as municipal officials, elected state judges, and lay juries who may have a far more parochial perspective and limited set of information Expert federal Judges, Magistrates, regulators, intimately familiar with the products and industries they regulate, are arguably far better suited [than state courts and juries] . . . to ascertain the degree of federal uniformity.

¶39. The Supreme Court has repeatedly explained that in determining whether (and to what extent) federal law preempts state law, the purpose of Congress is the "ultimate touchstone" of its statutory analysis.

¶40. This case present a complexity of preemption elements, as Court's preemption decisions often involve disputes over the appropriateness of consulting extra-textual evidence to determine Congress's intent. The Court "routinely invalidates state laws based on perceived conflicts with broad federal policy objectives, legislative history, regulations or generalized notions of congressional purpose.

¶41. Federal law preempts the City of Belvidere, Boone County State Attorney's information of charges and the State of Illinois from proceeding in the above and captioned case pursuant to and under any and all applicable Federal statues, laws, and regulations including but not limited to 39 U.S.C. 401, "Postal Service" as to territorial, 39 C.F.R. "Postal Service" 232.1, as to subject matter, Treasury Act, Postal Service (39 USC §410 and 39 CFR §201), General Government Appropriations Act §610, Article I, § 8, cl.17 of the Constitution, the Postal Clause Article I, §8, cl. 7, the necessary and property clause Article IV §3, cl. 2, and the applicability of conduct on postal property under poster 7, and the Department of Homeland 2018 memo operational readiness order HQ-ORO-002-2018.

¶42. Pursuant to and under Ill. Sup. Ct. R. 19 in compliance with and for Purpose of Notice, Plaintiff served all appropriate and corresponding agencies as identified.

¶43. Plaintiff Under Ill. Sup. Ct. R. 19 claims of unconstitutional ILCS status, in contradiction to the United States Constitution and the Federal preemption of Federal laws that prohibit the State of Illinois by and through Boone County State attorney to proceed with the pending cause of information filed against Plaintiff. Plaintiff has raised the genuine issue of fact as to jurisdiction under all applicable federal citation including but not limited to: 39 U.S.C. §410 "territory" and 39 C.F.R.§232.1 "subject matter" under Postal Services, in so doing had moved on a Motion to dismiss among others elements for lack of jurisdiction.

¶44. The City of Belvidere and the County of Boone have no legislative authority, no legal powers and no jurisdiction within which to charge or prosecute for alleged crimes on Federal land or property, within postal buildings on a parcel acquired, purchased and

owned by the United States Postal Service "USPS" and under the United State Postal Inspections Service "USPIS" for law enforcement.

¶45. Illinois legislation has not enacted, purposed or passed any laws under ILCS pertaining to, regarding or relating to the United States Postal Service (including the property located at 1800 Doc Wolf Drive Belvidere, Illinois 61008) allowing or giving jurisdiction to the State of Illinois over Federal USPS (39 USC as to territory) or (39 CFR as to subject matter). Absent legislation Federal code, regulation and laws preempt the city, county and state statues as the USPS is an executive branch of the United States Federal Government, an independent agency, with exclusive jurisdiction.

¶46. There are no intergovernmental agreements, Memorandum of understanding or any like contracts, treaties, or otherwise established between the City of Belvidere, County of Boone, or the State of Illinois to legislate or regulate as to United States Postal Service, land, or property, moreover to excute or effectively make an arrest on USPS property.

¶47. The United States has occupied the field of Postal Services under 39 U.S.C. for "territory" and 39 CFR "subject matter" since 1970 when the Postal Department became the United States Postal Service, leaving no room for concurrent legislation or regulation. The only provision available unless and otherwise provided for is by and through an agreement or memorandum of understanding between the agencies, and in this incident neither the City of Belvidere, or the County of Boone have any such contract between law enforcement and the USPS/USPIS.

¶48. The Supremacy clause of the United States Article VI, cl. 2 establishes that the Constitution, federal laws made pursuant to it, and made under it's authority constitutes the "supreme Law of the Land", and thus takes priority over any conflicting state laws.

Providing, that state courts are bound by, and state constitution subordinate to, the supreme law. The Supremacy clause assumes and accepts the underlying priority and importance of federal authority, albeit only that authority is expressed in the constitution itself which in this case congress has undoubtedly expressed it's intents to occupy all exclusive authority and legislative jurisdiction over USPS properties.

**WHEREFORE,** Plaintiff request this Court order an injunction to the Defendant's and finding of a federal preemption jurisdiction applies. The City of Belvidere, County of Boone, State attorney and the State of Illinois are without any jurisdiction to otherwise charge or prosecute for alleged crimes on postal property. Ruling that the USPS is exclusive territorial jurisdiction under 39 USC and exclusive jurisdiction under 39 CFR 232.1 (poster 7) conduct on postal property as to subject matter, and an opinion from this honorable Court that matters involving the USPS properties unless law otherwiswe provides are solely and exclusively to be arbitrated in the Federal District Court of that jurisdiction.

Richard Wigginton
Pro-se
549 Prairie Point Drive
Poplar Grove, illinois 61065
309-716-5622
mericaoncheck@yahoo.com