IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Richard Wigginton, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22 C 50292 |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Belvidere, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, this case is dismissed for lack of subject matter jurisdiction. Plaintiff's amended application [8] to proceed IFP is dismissed as moot. Plaintiff's motion [5] for attorney representation is denied.

## STATEMENT-OPINION

Plaintiff, Richard Wigginton, pro se brought this action against defendants, City of Belvidere, County of Boone, the State of Illinois and its Attorney General, the Boone County States Attorney, two Boone County assistant states attorneys, and a state associate circuit court judge. Plaintiff filed an application [4] to proceed in forma pauperis ("IFP") and a motion [5] for attorney representation. The IFP application showed plaintiff had equity of more than $100,000 in his home. The court denied [6] the application finding plaintiff had not shown he was unable to pay the filing fee, ordered plaintiff to pay the filing fee within 30 days, and held the motion for attorney representation in abeyance. Plaintiff then filed an amended application [8] accompanied by the affidavit of his wife stating that the home equity was not accessible to plaintiff because their low household income did not allow them to borrow any additional funds. The court now considers the amended application.

"Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants with an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with the access. To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)." *Curtis v. Madigan*, No. 17-CV-496-TLS, 2018 WL 571942, *1 (N.D. Ind. Jan. 25, 2018) (citation omitted).

Plaintiff's complaint arises from his activities in the Belvidere post office, his arrest by Belvidere police, and prosecution by the Boone County state's attorney on state criminal charges based on his activities in the post office. Plaintiff alleges there is exclusive federal jurisdiction over the Belvidere post office so that his arrest by Belvidere police and prosecution by the Boone

1

County State's Attorney for state crimes allegedly committed on post office property are without jurisdiction. For relief he seeks:

> "[A]n injunction to the Defendants and finding of a federal preemption jurisdiction applies. The City of Belvidere, County of Boone, State attorney and the State of Illinois are without any jurisdiction to otherwise charge or prosecute for alleged crimes on postal property. Ruling that the USPS is exclusive territorial jurisdiction under 39 USC and exclusive jurisdiction under 39 CFR 232.1 (poster 7) conduct on postal property as to subject matter, and an opinion from this honorable Court that matters involving the USPS properties unless law otherwise provides are solely and exclusively to be arbitrated in the Federal District Court of that jurisdiction."

Plaintiff also seeks a declaration that:

> "720 ILCS 5/21-3 and 720 ILCS 5/26-1 are unconstitutional under as to specifically and related only to provisions under the United States Constitution and the Freedom attached to including but not limited to be free from retaliation due to race and ethnicity, the freedom of speech, and the freedom of expression, to peacefully assemble, freedom of the press for each person who gathers content for a newsworthy story, and to petition the government for a redress of grievances without fears of retaliation, retribution, discrimination, or violation and deprivation of rights. The ILCS should not be vague, overbroad, or subjective to interpretation, as under the Constitutional criminal laws, the State statute need explicitly and definitely specify what conduct is punishable, otherwise the law is invalid because it is not sufficiently clear and void for vagueness."

Plaintiff seeks only injunctive and declaratory relief. He does not seek monetary damages.

In a separate case, 22cv50361, plaintiff filed a notice of removal removing his pending state criminal prosecution in the Circuit Court for the 17th Judicial Circuit, Boone County, Illinois, to this court pursuant to 28 U.S.C. § 1443. Today the court entered an order remanding the removed case to the state court. The opinion accompanying the remand order in that case, discusses plaintiff's argument that there is exclusive federal jurisdiction over the Belvidere post office and found the question of exclusive federal jurisdiction is governed by the provisions of 40 U.S.C. § 3112. The court will not repeat that discussion here. That opinion can be found as docket number 6 in case number 22cv50361.

Federal courts generally are forbidden "to stay or enjoin pending state court proceedings except under special circumstances." *Younger v. Harris*, 401 U.S. 37, 41 (1971). *Younger* reversed a lower court injunction which had enjoined a state prosecution of the defendant under a state statute which the lower federal court had found to be void for vagueness and overbreadth in violation of the First and Fourteenth Amendments. *Id.* at 40. *Younger* observed that normally a state-court defendant "should first set up and rely on his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection." *Id.* at 45. For an injunction to issue, plaintiff must show irreparable injury that is both "great and immediate." *Id.* "Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.* at 46. "*Younger* principles of abstention apply

2

both to claims based on constitutional challenges, as well as to those based on federal preemption challenges." *FreeEats.com v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007).

Plaintiff cites *Dombrowski v. Pfister*, 380 U.S. 479 (1965) in support of his claim for an injunction. *Dombrowski* "held that an injunction against the enforcement of certain state criminal statutes could properly issue under the circumstances presented in that case." *Younger*, 401 U.S. at 47.  *Younger* distinguished *Dombrowski*. *Younger* describes the allegations in *Dombrowski* as follows:

> "[U]nlike many of the earlier cases denying injunctions, the complaint made substantial allegations that: the threats to enforce the statutes against appellants are not made with any expectation of securing valid convictions, but rather are part of a plan to employ arrests, seizures, and threats of prosecution under color of the statutes to harass appellants and discourage them and their supporters from asserting and attempting to vindicate the constitutional rights of Negro citizens of Louisiana.  The appellants in Dombrowski had offered to prove that their offices had been raided and all their files and records seized pursuant to search and arrest warrants that were later summarily vacated by a state judge for lack of probable cause. They also offered to prove that despite the state court order quashing the warrants and suppressing the evidence seized, the prosecutor was continuing to threaten to initiate new prosecutions of appellants under the same statutes, was holding public hearings at which photostatic copies of the illegally seized documents were being used, and was threatening to use other copies of the illegally seized documents to obtain grand jury indictments against the appellants on charges of violating the same statutes. These circumstances, as viewed by the Court sufficiently establish the kind of irreparable injury, above and beyond that associated with the defense of a single prosecution brought in good faith, that had always been considered sufficient to justify federal intervention."

*Id.* at 48 (quotation marks omitted).

*Younger* then distinguished *Dombrowski* on the following basis:
> "Here a proceeding was already pending in the state court, affording Harris an opportunity to raise his constitutional claims. There is no suggestion that this single prosecution against Harris is brought in bad faith or is only one of a series of repeated prosecutions to which he will be subjected. In other words, the injury that Harris faces is solely that incidental to every criminal proceeding brought lawfully and in good faith and therefore under the settled doctrine we have already described he is not entitled to equitable relief even if such statutes are unconstitutional."

*Id.* at 49 (quotation marks and citations omitted).

Plaintiff's allegations here like those in *Younger* are distinguishable from those in *Dombrowski*. Here criminal proceedings were already underway against plaintiff affording him an opportunity to raise his constitutional claims.  He alleges that the activities he was engaged in at the post office were protected by the First Amendment and therefore were not unlawful.  He does not allege that the reason for his arrest and prosecution is not to obtain a conviction against him based on his actions at the post office.  There are no allegations that he is being prosecuted

despite having his arrest vacated for lack of probable cause. As with the defendant in *Younger*, the injury he faces is solely that incident to every criminal proceeding and the threat to his federally protected rights can be eliminated by his defense against the pending prosecution. Plaintiff is not entitled to an injunction even if the statutes under which he is being prosecuted are unconstitutional.

*Younger* also applies to actions seeking a declaration that state statues, under which the plaintiff is being prosecuted in a state prosecution begun prior to the federal suit, are unconstitutional. *Samuels v. Mackell*, 401 U.S. 66, 73 (1971); see also, *Milchtein v. Chisolm*, 880 F.3d 895, 899 (7th Cir. 2018) ("*Younger* applies to requests for declaratory judgments as well as requests for injunctions.") Therefore, plaintiff is not entitled to a declaration that the Illinois statutes under which he is being prosecuted are unconstitutional.

Because the court must abstain from adjudicating plaintiff's request to enjoin the state criminal case and his request for a declaration that the Illinois statutes under which he is being prosecuted are unconstitutional, this case must be dismissed for lack of subject matter jurisdiction.

Plaintiff has moved [5] for attorney representation. Evaluating a motion for recruitment of counsel involves the following process: (1) has plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does it appear plaintiff is competent enough to litigate it himself. *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022). A court also may evaluate the perceived merits of—or likelihood of success on—plaintiff's claims. *Id.* at 764. Plaintiff must contact at least three attorneys or legal aid agencies in order to demonstrate that he has had made reasonable efforts to obtain counsel on his own before the court will consider recruiting counsel for him, *see Pickett v. Chicago Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019) ("A litigant's good faith but unsuccessful effort to obtain counsel is a necessary condition to the provision of judicial assistance to recruit a lawyer.") and should submit responses from them declining representation with his application. Plaintiff's motion indicates he has only contacted one attorney and one organization seeking representation. This does not constitute a reasonable effort. Further, given the applicability of *Younger* abstention to plaintiff's sought injunctive and declaratory relief, a lawyer would not improve plaintiff's chance of success so the court would not have chosen "to allocate scarce pro bono counsel resources" to this case even if plaintiff had made reasonable efforts to obtain representation. *Watts*, 42 F.4th at 764.

For the forgoing reasons, this case is dismissed for lack of subject matter jurisdiction. Plaintiff's amended application [8] to proceed IFP is dismissed as moot. Plaintiff's motion [5] for attorney representation is denied.

Date: 10/25/2022                                          ENTER:

_____
United States District Court Judge

Notices mailed by Judicial Staff.

4